# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL P. LARKO,

               Plaintiff,

               v.

CITIBANK, NA,

               Defendant.

Civil Action No. 15-8098 (MAS) (LHG)

**MEMORANDUM ORDER**

On November 11, 2015, Defendant Citibank, N.A.[1] ("Defendant") removed this action from the Superior Court of New Jersey, Law Division Special Civil Part, Monmouth County, to this Court citing 28 U.S.C. § 1331. (ECF No. 1.) In his Complaint, pro se Plaintiff Michael P. Larko ("Plaintiff") alleges that Defendant's fraud and criminal activity relating to the 2008 mortgage crisis caused him to lose his career on Wall Street as a federal funds broker and suffer a loss of earnings from 2008 to the present. (*See generally* Compl., ECF No. 1-1.) Plaintiff seeks $14,918.00 in damages from Defendant. (*Id.* at 3.)

This matter now comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) Plaintiff cross moves to remand this matter back to state court for lack of subject matter jurisdiction. (ECF No. 5.) In support of remand, Plaintiff argues that he is not asserting any claims against Defendant that arise under federal law. (*Id.*) In response, Defendant argues that Plaintiff's "purported claims against Citibank **all** appear [to] relate to or

---

[1] Improperly pled as Citibank, NA.

arise from financial and securities matters that are indisputably created and/or regulated by federal statutes, regulations and agencies." (Def.'s Opp'n Br. 2, ECF No. 6.)

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As the Third Circuit has cautioned, "[w]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Phila. Fed'n of Teachers, Am. Fed'n of Teachers, Local 3, ALF-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).

Under § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Thus, where a federal court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. The law in this Circuit is clear that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks omitted).

"'[F]ederal question' cases . . . [are] those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

2

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Additionally, in determining the sufficiency of a pro se complaint, the court must be mindful to accept its factual allegations as true and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

As the party who removed this matter to federal court, it is Defendant's burden to show that this Court has jurisdiction. Defendant makes only one argument: that because Plaintiff's allegations relate to the 2008 mortgage crisis, his claims arise under federal law. In support of this argument, Defendant cites only one case from the Fifth Circuit without any analysis. (Def.'s Opp'n Br. 2.) Plaintiff, as the master of his own Complaint, states that he is not attempting to raise a federal claim in his Complaint. The Court construes Plaintiff's pro se Complaint as alleging only a fraud claim against Defendant and nothing within that claim arises under federal law. *Cf. Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08-9464, 2011 WL 566776, at *3 n.2 (S.D.N.Y. Feb. 8, 2011) (holding that the court lacked jurisdiction in a mortgage backed securities case because "[p]laintiff fail[ed] to present a viable federal question under the securities laws," and remanded the case to state court). Furthermore, because this Court lacks subject matter jurisdiction, the Court may proceed no further to Defendant's motion to dismiss.

Accordingly,

**IT IS** on this 5th day of April 2016, **ORDERED** that:

1. Defendant's motion to dismiss (ECF No. 4) is DENIED as moot;

2. Plaintiff's cross-motion to remand (ECF No. 5) is GRANTED, and

3.      This action is REMANDED to the Superior Court of New Jersey, Law Division Special Civil Part, Monmouth County.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE